UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RETISH VIKASH SINGH,<br><br>    Petitioner,<br><br>v.<br><br>B. SCOTT, et al.,<br><br>    Respondent. | CASE NO. 3:24-cv-05547-BHS-BAT<br><br>**ORDER DENYING MOTION TO USE A PSEUDONYM, DKT. 9** |

Before the Court is Petitioner's sealed motion to use a pseudonym. Dkt 9. The matter was initiated on July 5, 2024 when Petitioner submitted a 28 U.S.C. § 2241 habeas petition, contending he has been in immigration custody since 2023, pursuant to 8 U.S.C. § 1226, and "is not statutorily eligible for an individualized determination as to whether he should be released on bond." Dkt. 9 at 10. Plaintiff contends the Court should grant § 2241 relief by ordering his release or directing he be provided a bond hearing because his detention violates his right to due process, and because the immigration detention center exposes him to COVID-19, other diseases, and is an unclean and unhealthful facility.

On July 24, 2024, Petitioner filed a sealed motion to use a pseudonym, claiming the use of his name may expose him to risks in the immigration detention facility. Dkt. 9. A party is presumptively required to use their real name and may use a pseudonym only in the unusual

case. *See Does I thru XXIII v. Advanced Textile Corp.* ("Advanced Textile Corp."), 214 F.3d 1058, 1067-68 (9th Cir. 2000). Courts have permitted a party to use a pseudonym when: (1) identification creates a risk of retaliatory harm; (2) it is needed to preserve privacy in highly sensitive matters; or (3) the party is compelled to admit the intent to commit illegal acts and risks criminal prosecution. *Id.*

None of these considerations apply here. In his motion, Petitioner requests use of a pseudonym because of allegations he has presented to the detention facility. Plaintiff's allegations are known to Respondent and those in the detention facility because Respondent addressed the allegations and found them to be unfounded, according to Plaintiff. The use of a pseudonym thus provides no protection to Petitioner as to his fears of possible retaliation. A pseudonym also provides no privacy protection because Petitioner's allegations are already known. And lastly, nothing in Petitioner's motion involves the possible danger of self-incrimination and criminal charges.

The Court accordingly ORDERS:

1. The motion to use a pseudonym, Dkt. 9, is DENIED.

2. The clerk shall provide Petitioner a copy of this Order.

DATED this 7th day of August, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge